*L. Clark*, for defendants.

———•◦•———

## WRIGHT *et al. v.* WATKINS.

A decree in bankruptcy, under the general law of Congress, ordered by a court of competent, general jurisdiction cannot be collaterally drawn in question.

The territorial district courts were invested with full power to adjudicate causes in bankruptcy.

Nothing should be presumed against the authority or proceedings of a court of general jurisdiction.

*Error to Jackson District Court.*

*Opinion by* GREENE, J. An action of assumpsit on a promissory note by *Wright & Jackson* v. *Wm. Watkins.*

Wright *v.* Watkins.

The defendant pleaded bankruptcy under the general law. To this plea there was a special replication in confession and avoidance, averring that the petition, schedule and affidavit in the bankrupt proceedings, were so defective that the court could not entertain jurisdiction upon them. These papers appear to have been drawn up in the usual form adopted by our territorial courts in bankrupt proceedings, it therefore is not necessary to describe them. They appear to have been definitively acted upon by a court of competent, general jurisdiction; to have resulted in a full discharge and certificate of bankruptcy, and can not therefore be thus collaterally drawn in question for the alleged irregularities. We say the proceedings were before a court of competent jurisdiction, as they were entertained by the district court of Jackson county under territorial organization. Under the act of Congress, that court was invested with full power to adjudicate causes in bankruptcy, and as it was a court of general jurisdiction, nothing should be presumed against its authority and the regularity of the proceedings. These should be presumed until the contrary appears. By the bankrupt law the discharge is made conclusive evidence in favor of the bankrupt, unless impeached for fraud or wilful concealment by him of his property or rights of property. *Rev. Stat.*, § 4. The law contemplates no other ground of impeachment. The irregularities complained of, can by no means be entertained in a collateral proceeding like the present.

We conclude, that the court below did not err in giving force to the certificate in bankruptcy, upon the record as it appears before us.

Judgment affirmed.

*Van H. Higgins*, for plaintiffs in error.

*P. Smith* and *D. F. Spurr*, for defendant.